1 | BENJAMIN B. WAGNER
United States Attorney
2 | MATTHEW G. MORRIS
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
5 | Facsimile:  (916) 554-2900

6 | Attorneys for Plaintiff
United States of America
7

**FILED**

JUL 2 4 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                  DEPUTY CLERK

8 |                        IN THE UNITED STATES DISTRICT COURT

9 |                        EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                CASE NO. 2:12-cr-126-MCE

12 |                        Plaintiff,        PLEA AGREEMENT

13 |              v.                          DATE: July 24, 2014
                                            TIME: 9:00 a.m.
14 | MARQUIST PIERE BRADFORD,                 COURT: Hon. Morrison C. England, Jr.

15 |                        Defendant.

16

17 |                        I.      **INTRODUCTION**

18 |      A.      **Scope of Agreement**

19 |      The indictment in this case charges the defendant with two counts of Sex Trafficking of Children

20 | in violation of 18 U.S.C. § 1591(a)(1), one count of Participating in a Sex Trafficking Venture in

21 | violation of 18 U.S.C. § 1591(a)(2), and one count of Production of Child Pornography in violation of

22 | 18 U.S.C. § 2251.  This document contains the complete plea agreement between the United States

23 | Attorney's Office for the Eastern District of California (the "government") and the defendant regarding

24 | this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District

25 | of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory

26 | authorities.

27 |      B.      **Court Not a Party**

28 |      The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

PLEA AGREEMENT                            1

1  discretion of the Court, and the Court may take into consideration any and all facts and circumstances

2  concerning the criminal activities of defendant, including activities that may not have been charged in

3  the indictment.  The Court is under no obligation to accept any recommendations made by the

4  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

5  including the statutory maximum stated in this plea agreement.

6  If the Court should impose any sentence up to the maximum established by the statute, the

7  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

8  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

9  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

10  receive.

11  ## II.  DEFENDANT'S OBLIGATIONS

12  ### A.  Guilty Plea

13  The defendant will plead guilty to Count 2: Sex Trafficking of Minors.  The defendant agrees

14  that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached

15  hereto as Exhibit A are accurate.

16  The defendant agrees that this plea agreement will be filed with the Court and become a part of

17  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

18  plea should the Court not follow the government's sentencing recommendations.

19  The defendant agrees that the statements made by him in signing this Agreement, including the

20  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

21  the United States in any subsequent criminal or civil proceedings.

22  ### B.  Restitution

23  The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

24  certain offenses.  The defendant agrees the conduct to which he is pleading guilty requires mandatory

25  restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and agrees to pay restitution to the victims for the

26  total loss to the victim as a result of the scheme.

27  Defendant further agrees that he will not seek to discharge any restitution obligation or any part

28  of such obligation in any bankruptcy proceeding.

PLEA AGREEMENT                              2

1      Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the

2 Court.

3      **C.**    **Fine**

4      The defendant agrees to pay a fine if the Court so orders.

5      **D.**    **Special Assessment**

6      The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

7 a check or money order payable to the United States District Court to the United States Probation Office

8 immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at

9 the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating

10 in the Inmate Financial Responsibility Program.

11      **E.**    **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

12      If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

13 his plea, this plea agreement is voidable at the option of the government. The government will no longer

14 be bound by its representations to the defendant concerning the limits on criminal prosecution and

15 sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime

16 or provide any statement or testimony which proves to be knowingly false, misleading, or materially

17 incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a

18 violation of the agreement. The determination whether the defendant has violated the plea agreement

19 shall be decided under a probable cause standard.

20      If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the

21 government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded

22 guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file

23 any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter

24 be subject to prosecution for any federal criminal violation of which the government has knowledge,

25 including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these

26 options is solely in the discretion of the United States Attorney's Office.

27      By signing this plea agreement, the defendant agrees to waive any objections, motions, and

28 defenses that the defendant might have to the government's decision to exercise the options stated in the

PLEA AGREEMENT         3

1  previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as

2  of the date of this plea agreement may be commenced in accordance with this paragraph,

3  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

4  and the commencement of any such prosecutions.  The defendant agrees not to raise any objections

5  based on the passage of time with respect to such counts including, but not limited to, any statutes of

6  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

7  Amendment to any counts that were not time-barred as of the date of this plea agreement.

8                              **III.        THE GOVERNMENT'S OBLIGATIONS**

9          A.      **Dismissals**

10         The government agrees to move, at the time of sentencing, to dismiss without prejudice the

11  remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed

12  count except if this agreement is voided as set forth herein, or as provided in paragraphs, II.E

13  (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of

14  Appeal) herein.

15         B.      **Recommendations**

16                 1.      Incarceration Range

17         The government will recommend that the defendant be sentenced to no higher than the

18  low end of the applicable guideline range for his offense, as determined by the Court.

19                 2.      Acceptance of Responsibility

20         The government will recommend a two-level reduction (if the offense level is less than

21  16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense

22  level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

23  3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of

24  the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

25  in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

26  preparation of the pre-sentence report or during the sentencing proceeding.

27         C.      **Use of Information for Sentencing**

28         The government is free to provide full and accurate information to the Court and the United

PLEA AGREEMENT                              4

1  States Probation Office ("Probation"), including answering any inquiries made by the Court and/or
2  Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney,
3  Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement
4  bars the government from defending on appeal or collateral review any sentence that the Court may
5  impose.

6  ### IV.    ELEMENTS OF THE OFFENSE

7  At a trial, the government would have to prove beyond a reasonable doubt the following
8  elements of the offenses to which the defendant is pleading guilty:

9  As to Count Two, Sex Trafficking of a Minor:

10  1.  First, the defendant knowingly recruited, enticed, harbored, transported, provided,
11  obtained, or maintained a person;

12  2.  Second, the person recruited, enticed, harbored, transported, provided, obtained, or
13  maintained was a minor;

14  3.  Third, the defendant knew that force, fraud or coercion, or threats of force would be used
15  to cause the person to engage in a commercial sex act;

16  4.  Fourth, the conduct was in or affecting interstate or foreign commerce.

17  The defendant fully understands the nature and elements of the crimes charged in the indictment
18  to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with
19  his attorney.

20  ### V.    MAXIMUM SENTENCE

21  **A.    Maximum Penalty**

22  The maximum sentence that the Court can impose is a lifetime term of incarceration, a fine of
23  $250,000, a lifetime period of supervised release and a special assessment of $100.  The conviction
24  carries a mandatory minimum term of imprisonment of 15 years, and a mandatory minimum 5 years of
25  supervised release.  By signing this plea agreement, the defendant also agrees that the Court can order
26  the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant
27  agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which
28  the defendant is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt

1   to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

2         **B.**    <u>**Violations of Supervised Release**</u>

3         The defendant understands that if he violates a condition of supervised release at any time during

4   the term of supervised release, the Court may revoke the term of supervised release and require the

5   defendant to serve up to 5 years of additional imprisonment.

6              **VI.**    <u>**SENTENCING DETERMINATION**</u>

7         **A.**    <u>**Statutory Authority**</u>

8         The defendant understands that the Court must consult the Federal Sentencing Guidelines and

9   must take them into account when determining a final sentence.  The defendant understands that the

10   Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

11   Sentencing Guidelines and must take them into account when determining a final sentence.  The

12   defendant understands that the Court will determine a non-binding and advisory guideline sentencing

13   range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the

14   Court will consider whether there is a basis for departure from the guideline sentencing range (either

15   above or below the guideline sentencing range) because there exists an aggravating or mitigating

16   circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing

17   Commission in formulating the Guidelines.  The defendant further understands that the Court, after

18   consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable

19   in light of the factors set forth in 18 U.S.C. § 3553(a).

20         **B.**    <u>**Guideline Calculations**</u>

21         The government and the defendant agree that there is no material dispute as to the following

22   sentencing guidelines variables and therefore stipulate to the following:

23     <u>Base Offense Level:</u>    +34    (§ 2G1.3)

24     Use of a computer    +2    (§ 2G1.3(b)(3))

25     Commission of a sex act    +2    (§ 2G1.3(b)(4))

26     Acceptance of responsibility: See III.B.2 above

27         The parties agree that they will not seek or argue in support of any other specific offense

28   characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"),

PLEA AGREEMENT           6

1  or cross-references, except that the government may move for a departure or adjustment based on

2  defendant's post-plea obstruction of justice (§3C1.1) or defendant's cooperation (§5K1.1).  The

3  defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18

4  U.S.C. § 3553(a).  The government may oppose that argument, consistent with its other obligations in

5  this agreement.

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B.    Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the top of the guidelines range consistent with the stipulations above.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss

1 the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading

2 guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea

3 Agreement) herein.

4     **C.**    **Waiver of Attorneys' Fees and Costs**

5     The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

6 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

7 investigation and prosecution of all charges in the above-captioned matter and of any related allegations

8 (including without limitation any charges to be dismissed pursuant to this plea agreement and any

9 charges previously dismissed).

10         **VIII.**     **ENTIRE PLEA AGREEMENT**

11     Other than this plea agreement, no agreement, understanding, promise, or condition between the

12 government and the defendant exists, nor will such agreement, understanding, promise, or condition

13 exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

14 counsel for the United States.

15         **IX.**     **APPROVALS AND SIGNATURES**

16     **A.**    **Defense Counsel:**

17     I have read this plea agreement and have discussed it fully with my client. The plea agreement

18 accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

19 plead guilty as set forth in this plea agreement.

20 Dated: _____7/24/14_____        _____

21         MICHAEL CHASTAINE
        Counsel for Defendant

22     **B.**    **Defendant:**

23     I have read this plea agreement and carefully reviewed every part of it with my attorney. I

24 understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully

25 understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

26 case. No other promises or inducements have been made to me, other than those contained in this plea

27 \\\

28 \\\

1  agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

2  Finally, I am satisfied with the representation of my attorney in this case.

3  Dated: _____7/24/14_____                      _____
                                                MARQUIST PIERE BRADFORD,

4

5                                               Defendant

6      C.      **Attorney for United States:**

7          I accept and agree to this plea agreement on behalf of the government.

8  Dated: _____7/21/14_____                      BENJAMIN B. WAGNER
                                                United States Attorney
9

10                                              _____
                                                MATTHEW G. MORRIS
11                                              Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                            9

**EXHIBIT "A"**

**Factual Basis for Plea**

1
2
3    On or about January 18, 2012, "J.R." was a 15 year old child living in Fresno, California. The
4    defendant recruited J.R. to join his prostitution business in Sacramento. Using Facebook, a social
5    networking site, the defendant sent messages to J.R., including telling her that "I'll get you going when
6    you get here" and that J.R. was "comin' to a true P." The defendant assured J.R. that he was "here to
7    show you and teach you where the real money is at."

8    A Greyhound bus ticket in the name of J.R. was purchased on January 19, 2012. The bus ticket
9    used the will call code "Kutta," a name that the defendant used. Greyhound Bus Lines is a facility of
10   interstate commerce with operations throughout the United States.

11   From January 19, 2012, to February 5, 2012, the defendant travelled with J.R. and another
12   person to various locations in California. At those locations, the defendant, J.R., and the other person
13   would stay in motels near interstate freeways, which are public accommodations that cater to travelers
14   engaged in interstate travel. In Sacramento, the defendant and J.R. would stay at the defendant's
15   apartment. In all of these locations, J.R. engaged in commercial sex acts under the direction and
16   supervision of the defendant. When J.R. engaged in commercial sex acts, she would use condoms that
17   were manufactured outside the state of California. The defendant, J.R., and the other person posted
18   internet advertisements offering J.R.'s services in commercial sex acts.

19   On at least one occasion, on February 5, 2012, the defendant used force and threats of force in
20   managing defendant J.R.'s actions as part of the defendant's prostitution business.

21
22
    Dated:    7/24/14                                   _Marquist Bradford_
23                                                      MARQUIST PIERE BRADFORD,
24                                                      Defendant
25
26
27
28

PLEA AGREEMENT                              A-1